**SURRANO LAW OFFICES**
Attorneys at Law

7114 E. Stetson Dr., Suite 300
Scottsdale, Arizona 85251
Phone: (602) 264-1077
Fax: (602) 264-2213

Charles J. Surrano III (007732) cjs@surranolawfirm.com
John N. Wilborn (013714) jnw@surranolawfirm.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Boudreaux,<br><br>Plaintiff,<br><br>vs.<br><br>Freedom Specialty Insurance Company (a Nationwide Company), a Foreign Corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br>**Breach of the Duty of Good Faith and Fair Dealing (Bad Faith)**<br><br>**Jury Trial Demanded** |

As and for his Complaint against this Defendant, Plaintiff Brandon Boudreaux, though counsel undersigned, sets forth and alleges as follows:

1. That Plaintiff was at all relevant times herein a citizen and resident of Maricopa County, Arizona.

2. That Freedom Specialty Insurance Company (hereafter, "Freedom Specialty") was and so remains a foreign insurer licensed to transact insurance in the State of Arizona.

1

3. That at all relevant times herein, Freedom Specialty was engaged in the marketing, sale and servicing of, *inter alia*, professional liability insurance policies in Arizona and elsewhere.

4. That, upon information and belief, Freedom Specialty is a corporation with its principal place of business is Ohio.

5. That Plaintiff is seeking an award of actual and general compensatory damages, which exceeds $75,000.00, exclusive of interest and costs. That, additionally, Plaintiff is seeking an award of attorneys' fees, and punitive damages.

6. That Freedom Specialty had insured two attorneys identified as Robert P. Jarvis and Garrett L. Smith (hereafter, "Jarvis and Smith" collectively and/or "Jarvis" or "Smith" individually) under a legal professional liability policy more particularly identified by policy number LGF0005373 for the policy period December 1, 2019 to December 1, 2020.

7. That on February 24, 2020, and again on March 25, 2020, Jarvis and Smith issued separate press releases, respectively, containing defamatory remarks, statements and allegations against Plaintiff.

8. That the defamatory statements included, but were not limited to, allegations, express and implied, of criminal enterprise, child molestation, domestic violence, and sexual perversion, constituting defamation *per se*.

9. That the aforesaid defamatory statements, including all of them, were not true.

10. That the actions of Jarvis and Smith ultimately resulted in the promulgation of the defamatory remarks over the internet and throughout various media.

11. That by reason of the actions of Jarvis and Smith, Plaintiff sustained and continues to incur substantial and irreparable damage to his name and reputation.

12. That Plaintiff initiated an action for defamation and false light against Jarvis and Smith in Maricopa County Superior Court identified as CV2020-004204.

13. That Jarvis and Smith tendered the defense and indemnity of the above action to their insurer, the Defendant herein, Freedom Specialty.

14. That the policy had coverage limits of $500,000 per claim and $1,000,000 in the aggregate.

15. That by way of correspondence dated July 1, 2020, Freedom Specialty accepted coverage and defense, albeit subject to an express reservation of rights under the policy.

16. That in relevant part, the policy provided coverage for certain "covered acts" as follows:

> G. **Covered act** means any act, error or omission, including breach of contract or duty or breach of fiduciary duty or **personal injury** rising from **professional services** performed by you.
>
> …U. **Personal injury** means allegations of libel, slander or other defamatory or disparaging material or publication…
>
> Z.1. "**Professional services**" means any legal and consulting services and activities performed by **you** for others provided that the reservation for such services or advice, or a portion thereof, inures to your benefit: performed as a lawyer

17. That at the time of the defamatory statements made by Jarvis and Smith, they were acting in their capacity as legal counsel for Plaintiff's ex-wife, Melani

Pawlowski, who was engaged in a contentious proceeding with Plaintiff over custodial rights to the couples' four children.

18. That Pawlowski retained Jarvis and Smith to represent her in part in relation to a criminal investigation regarding the whereabouts of the children of her aunt, Lori Vallow, and regarding the alleged attempted murder of Plaintiff.

19. That the Vallow children were ultimately found dead in Idaho and the investigation has received widespread international publicity; and that Plaintiff alleges that publicity often refers to the names Pawlowski and Boudreaux (Plaintiff's last name), and searches on the internet into the Vallow children often lead to the names Pawlowski and Boudreaux.

20. That this has resulted in increased exposure online to the allegedly defamatory comments made by Jarvis and Smith about Plaintiff.

21. That while Freedom Specialty continued to defend under a reservation of rights, Plaintiff, through counsel, provided Freedom Specialty several opportunities to settle within policy limits, all of which were rebuffed by the Defendant.

22. That subsequent to the failed settlement discussions, Jarvis and Smith, through counsel, received correspondence dated October 22, 2020 from Freedom Specialty's coverage counsel in which Freedom Specialty <u>denied</u> coverage and defense to Jarvis and Smith on grounds never before raised: citing to an "Excluded Claims Endorsement" (LGF-8).

23. That, notwithstanding the foregoing, Freedom Specialty continued to defend Jarvis and Smith in the defamation action, subject to a reservation of rights.

24. That the endorsement is a dubious attempt to defeat coverage in that:

4

a. It is not listed in the endorsements section of the declarations page (Item 8) of the policy;

b. It purports to have been issued on January 31, 2020 naming the "Brandon Boudreaux Matter" which is <u>before</u> the actions giving rise to the defamation complaint ever occurred;

c. It was not signed by an authorized representative of the company until <u>after</u> the covered claims accrued;

d. It purports to say that as of April 13, 2020, the claims had not been reported to any carrier (yet it was reported to Freedom Specialty Insurance Company – which had been providing a defense);

e. If it was or is a legitimate endorsement prior to the claim occurrence and notice to Freedom Specialty Insurance Company, then its failure to be raised any time prior to October 27, 2020 independently or combined with the opportunities to settle, in which Freedom Specialty Insurance Company tepidly participated is a waiver of that policy defense; and

f. It can only refer to the custody battle between Brandon Boudreaux and his ex-wife, Melani Pawlowski, as that was the only "Brandon Boudreaux Matter" in existence prior to the purported issuance date (January 31, 2020) and the occurrence of the defamation (February 24. 2020 and March 25, 2020). And so, its use in the defamation action in an attempt to deny coverage for that matter was illicit and a fraudulent exercise to defeat rightful coverage.

25. That by failing to unconditionally defend and accept coverage, Freedom Specialty relieved its insureds, Jarvis and Smith, from compliance with the duty of cooperation under the aforesaid policy.

26. That, accordingly, on or about January 26, 2021, Plaintiff and Jarvis and Smith entered into a "Settlement Agreement. Assignment and Covenant Not to Execute" (aka, a "Morris Agreement").

27. That, among other filings, Jarvis and Smith assigned all of their rights under the policy to Plaintiff, including all dates for breach of contract and bad faith.

28. That as assignee, Plaintiff stands in the shoes of Jarvis and Smith as the original insureds under the policy.

**Breach of the Duty of Good Faith and Fair Dealing (aka, "Bad Faith")**

29. That the Plaintiff hereby re-alleges, restates and reasserts the foregoing as if fully set forth herein.

30. That at all times relevant herein, Freedom Specialty owed to its insureds, Jarvis and Smith, and now by assignment, to Plaintiff, an implied duty of good faith and fair dealing.

31. That among other things, this duty included the obligation to treat the interests of its insureds as equal to its own (otherwise known as the duty of equal consideration).

32. That the effort to use the exclusionary endorsement (LGF-8), referring to the "Brandon Boudreaux Matter" so as to justify a denial of coverage rightfully owed to its insureds in order for it to shroud its liability on the defamation claims, was a breach of the duty of equal consideration (*see*, ¶ 21 (a)-(f) herein).

33. That at all relevant times, Freedom Specialty was aware that its actions as aforesaid were unreasonable and unjustified.

34. That Freedom Specialty's actions were calculated to withhold the protections of the policy purchased by its insureds.
35. That Freedom Specialty further breached the duty of equal consideration by rejecting fair consideration of settlement demands within policy limits, relying instead upon a duplicitous coverage defense to thwart or minimize settlement.
36. That the actions undertaken by Freedom Specialty were otherwise designed to advance its own financial interest over that of its insureds.
37. That the actions complained of herein were, therefore, committed in "bad faith".
38. That Freedom Specialty's bad faith conduct resulted in damages to its insureds, now by assignment to Plaintiff, by the incursion of unnecessary attorneys' fees and emotional distress.
39. That, furthermore, Freedom Specialty acted with a conscious disregard for the substantial risk of harm to its insureds, hereby Plaintiff, in exposing them to potential personal liability for a claim known to be covered.

WHEREFORE, Plaintiff asks this Court for the following relief:

A. An award in favor of Plaintiff and against Freedom Specialty on breach of the duty of good faith and fair dealing;
B. Actual and general compensatory damages;
C. Punitive damages;
D. Reasonable attorneys' fees and costs; and
E. Trial by Jury.

///

///

1 | DATED: June 17, 2021.
2 
3 |                            SURRANO LAW OFFICES

By: s/ Charles J. Surrano
     Charles J. Surrano, III
     John N. Wilborn
     7114 E. Stetson Dr., Suite 300
     Scottsdale, Arizona 85251
     Attorneys for Plaintiff